UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-8163-WM

UNITED STATES OF AMERICA

v.

JOSE PEREZ-GUADALUPE,
  a/k/a "Guadalupe Roman-Alcantara,"

          Defendant.
_____/

FILED BY _____ D.C.
MAR 05 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? ☐ Yes ☑ No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? ☐ Yes ☑ No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? ☐ Yes ☑ No

4. 4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? ☐ Yes ☑ No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY: _____
AURORA FAGAN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.   188591
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:   (561) 820-8711
Fax:   (561) 820-8777
Email:  Aurora.Fagan@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 26-8163-WM |
| JOSE PEREZ-GUADALUPE, | ) | |
| a/k/a "Guadalupe Roman-Alcantara," | ) | |
| | ) | |
| Defendant(s) | | |

FILED BY ___SW___ D.C.

MAR 05 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 2, 2026__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(1) | Illegal re-entry after removal. |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Richard Soto Valentin, U.S. Border Patrol Agent
*Printed name and title*

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.

Date: March 5, 2026

_____
Judge's signature

City and state: West Palm Beach, FL

William Matthewman, Chief U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Richard Soto Valentin, being duly sworn, depose and state as follows:

1. I am a Border Patrol Agent ("BPA") for the U.S. Department of Homeland Security, United States Border Patrol, and have served in this position for nineteen (19) years. I am currently assigned to the West Palm Beach Border Patrol Station in Riviera Beach, Florida. Previously, from January 2019 to June 2022, I was assigned as a Prosecution Agent to the West Palm Beach Station. Form February 2015 to March 2017, I was detailed to the Drug Enforcement Administration ("DEA") Resident Office in Port St Lucie, Florida. During my tenure at the DEA, I handled criminal investigations pertaining to narcotics and alien smuggling, as well as money laundering. From March 2012 to June 2014, I was detailed to Homeland Security Investigations ("HSI") in Arecibo, Puerto Rico. During my tenure at HSI, I handled criminal investigations pertaining to narcotics and alien smuggling, as well as money laundering and illegal weapons violations. Prior to becoming a Federal Agent, I was a state Criminal Investigator in the Puerto Rico Police Department for a period of eleven (11) years. I was assigned to the Narcotic Division as a Criminal Investigator. I have attended the United States Border Patrol Agent Academy, at the Federal Law Enforcement Training Center, in Artesia, New Mexico. I have received specialized training regarding the investigation and enforcement of United States Immigration Laws. In the capacity of a Border Patrol Agent, I am charged with enforcing federal administrative and criminal laws under Titles 8, 18, 19, and 21 of the United States Code. As a federal law enforcement agent, I have the authority to conduct investigations, make arrests, execute search warrants, and take sworn statements.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that JOSE PEREZ-GUADALUPE, a.k.a Guadalupe Roman-Alcantara, ("PEREZ-GUADALUPE"), committed the offense of being a previously removed alien found in the United States, in violation of Title 8, United States Code, Section 1326(a) and (b) (1).

3. On March 02, 2026, while Florida Highway Trooper (FHT), Samuel Jeanbaptiste was on routine patrol on northbound Interstate 95 (State Road 9), and when he approached Linton Boulevard, FHT Jeanbaptiste conducted a traffic stop on a 2019 GMC Sierra for having an obscured license plate (dark tinted cover). FHT Jeanbaptiste contacted the driver and requested a valid driver's license. The driver did not provide any valid driver's license to FHT Jeanbaptiste. Instead the driver identified himself using a Mexican passport with the name of "Guadalupe Roman-Alcantara".

4. FHT Jeanbaptiste, who had been deputized by Immigration Customs Enforcement (ICE) under the 287(G) program, had the authority to conduct immigration enforcement to identify individuals after acquiring reasonable suspicion of immigration status. Due to the driver not providing a valid driver's license and inability to verify his legal entry into the U.S., FHT Jeanbaptiste contacted the US Border Patrol and requested a query check on the driver. The checks returned and revealed that "Guadalupe Roman-Alcantara" had no results in the system, which indicates that he was an illegal alien in the US. FHT Jeanbaptiste issued the driver two (2) traffic citations, one for driving without a valid driver's license, and another one for unlawful alteration of tag/vehicle registration.

2

FHT Jeanbaptiste detained the driver and transported him to the Border Patrol station in Riviera Beach, Florida.

5. At the station, the driver's fingerprints were entered into the e3/New Generation Identification system, which queries the Department of Homeland Security (DHS) database, as well as the Federal Bureau of Investigation (FBI) database.

6. The query on the driver's fingerprints resulted in a positive match indicating that he had a prior immigration history under the name "Jose PEREZ-GUADALUPE", with alien registration file A******805, and FBI******MC5. The immigration electronic records and alien file assigned to PEREZ-GUADALUPE shows that he is a native and citizen of Mexico.

7. Because the fingerprint and immigration checks revealed a different name from the one on the Mexican passport presented by PEREZ-GUADALUPE to FHT Jeanbaptiste, BPA Luis A. Rivera, the agent responsible for PEREZ-GUADALUPE's administrative processing, inquired about the discrepancy. PEREZ-GUADALUPE alleges that the Immigration Officers who arrested him on June 26, 2007, became confused and used the name Jose PEREZ-GUADALUPE instead of his own. PEREZ-GUADALUPE claims that his real name is Roman-Alcantara, Guadalupe.

8. Further Investigation revealed that On June 26, 2007, Deportation Officers from Fort Myers, Florida encountered and arrested PEREZ- GUADALUPE for being illegally present in the U.S. PEREZ- GUADALUPE was processed as Warrant of Arrest/Notice to Appear. On September 28, 2007, an Immigration Judge ordered PEREZ-GUADALUPE's removal/deportation. On September 29, 2007, PEREZ-GUADALUPE was removed from Brownsville, Texas to his native country, Mexico.

9. On June 03, 2006, Deputies from Lee County Sherriff's Office charges PEREZ-GUADALUPE for operating a vehicle without a valid driver's license (FL SOC 322.o3.1) and for Failure to Appear (FL SOC 843.15.1b.) On August 08, 2006, PERZ-GUADALUPE was sentenced to four (4) days confinement. On December 29, 2006, Deputies from the Collier County Sherriff's Office encountered and arrested PEREZ-GUADALUPE for possession of cocaine (FL SOC 893.13.a) and for possession of Marijuana (FL SOC 893.13.a). On September 11, 2007, PEREZ-GUADALUPE was convicted and sentenced to one (1) year and six (6) months' probation.

10. The record checks through the Department of Homeland Security (DHS) CLAIMS database failed to locate any evidence indicating that PEREZ-GUADALUPE had applied for or received permission from the appropriate government officials to lawfully reenter the United States.

(Remainder of page intentionally left blank.)

11. Based on the foregoing, I submit that probable cause to believe exists that, on or about March 02, 2026, PEREZ-GUADALUPE, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a) and (b) (1).

Richard Soto Valentin
Border Patrol Agent
United States Border Patrol

Subscribed and sworn to before me, by videoconference, in accordance with the requirements of Fed. R. Crim. P. 4.1, on this 5TH day of March, 2026.

WILLIAM MATTHEWMAN
CHIEF UNITED STATES MAGISTRATE JUDGE

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: JOSE PEREZ-GUADALUPE, a/k/a "Guadalupe Roman-Alcantara"

**Case No**: _____

Count #1

Illegal Re-entry after Removal

Title 8, United States Code, Section 1326(a) and (b)(1)
* **Max. Term of Imprisonment:** 10 Years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 Year
* **Max. Fine:** $250,000
* **Special Assessment:** $100

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.